## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 09-CV-2257 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On October 19, 2009, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) and a Motion requesting sentencing proceedings (#1, p. 5; #2). On November 17, 2009, the Government filed a Motion to Dismiss (#4). On December 5, 2009, Petitioner filed a Response to the Government's Motion to Dismiss (#6).

This Court has reviewed the record in this case. Following careful and thorough review, this Court agrees with the Government that when Petitioner voluntarily entered into the Plea Agreement, he waived his right to pursue relief under 28 U.S.C. § 2255. Furthermore, Petitioner has failed to provide any evidence beyond a bare allegation that either his acceptance of the Plea Agreement was involuntary or that his counsel had provided ineffective assistance by improperly coercing him into accepting the Plea Agreement. Therefore, Petitioner's Motion (#1) is DISMISSED. Because Petitioner's Motion is dismissed, the Motion requesting sentencing proceedings (#2) is denied as MOOT.

BACKGROUND

On April 15, 2008, in Case No. 08-CR-20022, Petitioner was charged by indictment with two counts of distribution of five grams or more of cocaine base ("crack") (Counts 2 and 4); and one count of conspiracy to distribute and to possess with the intent to distribute, five grams or more of cocaine base ("crack") (Count 1) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

On July 3, 2008, pursuant to a written plea agreement and with the assistance of retained counsel, Petitioner pled guilty to Counts 1 and 2 of the indictment. The Government agreed to dismiss Count 4 at the time of the sentencing. The agreement also provided that Petitioner would cooperate with the Government, and that, conditional upon Petitioner's substantial assistance, the Government could, at its sole discretion, make a motion at sentencing for a downward departure from the sentencing guideline range, and from the statutory minimum sentence. The written plea agreement stated, in pertinent part:

> 24. The United States and the defendant, while agreeing that the defendant is guilty of the conspiracy charged in Count 1 of the indictment, disagree on the amount of cocaine base "crack" involved in the conspiracy for which the defendant is criminally liable
>
> * * *
>
> 25. The defendant understands and agrees that at the time of sentencing the Court may receive evidence and make a factual finding as to the amount of cocaine base "crack" involved in the conspiracy charged in Count 1 of the indictment, and that amount will then be used to determine the applicable mandatory minimum penalty, if any, and to calculate the applicable advisory Sentencing Guideline range. The defendant agrees that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent findings as to the amount of cocaine base "crack" for which the defendant is liable. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

The written plea agreement also stated:

2

WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND
SENTENCE

26. . . . Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence . . . on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

WAIVER OF RIGHT TO COLLATERAL ATTACK

27. . . . The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.

28. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward deviation as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

29. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (emphasis in original).

3

36. Defendant

I have read this entire Plea Agreement carefully and have discussed it
fully with my attorney. I fully understand this agreement and accept and
agree to it without reservation, including the paragraphs labeled "Waiver
of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will
in order to gain the benefit of the promises made by the United States. I
am pleading guilty because I am in fact guilty, and I agree that the facts
stated in this agreement about my criminal conduct are true. No threats,
promises, or commitments have been made to me or to anyone else, and
no agreements have been reached, express or implied, to influence me to
plead guilty other than those stated in this written plea agreement nor am I
under the influence of anything that could impede my ability to understand
fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in
connection with this case, this Plea Agreement and matters related to it. I
further understand that by signing below I am stating I agree with
everything stated in this section of the Plea Agreement and I am accepting
and entering into this Plea Agreement in its entirety.

Petitioner signed the written plea agreement on July 3, 2008. Following the guilty plea hearing

held on that date, this Court accepted Petitioner's plea of guilty.

On October 22, 2008, the Petitioner appeared before this Court for sentencing. Petitioner

acknowledged receipt of the presentence investigation report. No objections were noted. The

Government dismissed Count 4 as agreed. Although it had discretion to do so, the Government

did not request a downward departure. The Government's brief indicates that the request had not

been made because no cooperation had been achieved. The Court sentenced Petitioner to the

custody of the Bureau of Prisons for 120 months on each of Counts 1 and 2 to run concurrently.

Petitioner did not file a Notice of Appeal, and even if he had, an appeal would have been barred

by his earlier Plea Agreement.

On October 19, 2009, Petitioner filed a Motion with this Court to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 on two grounds. First, Petitioner alleges that he

4

did not receive effective assistance of counsel. Petitioner alleged that he received "bad advice" to plead guilty because Petitioner "contest[ed] the drug amount . . . [but] the court nonetheless proceeded to [ac]cept the plea without further contesting the drug amount and the double counting of the charging indictment." Second, Petitioner contends that he was denied due process of law when the plea was accepted by the Court notwithstanding the fact that he contested the amount prior to pleading guilty.

On November 17, 2009, the Government filed a Motion to Dismiss. On December 5, 2009, Petitioner filed a Response to the Government's Motion to Dismiss. In the Response, Petitioner makes three allegations. First, Petitioner argues that counsel was ineffective for influencing him to agree to the Plea Agreement, and for advising him not to contest his PSI (presentence investigation report). Second, Petitioner argues that his counsel was ineffective for failing to file a direct appeal.

ANALYSIS

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); Roberts v. United States, 429 F.3d 723, 723 (7th Cir. 2005) (noting that the Seventh Circuit "ha[s] never been reluctant to hold criminal defendants to their promises.") Generally, a petitioner who waives his right to appeal or file a collateral challenge may not subsequently do so. However, a petitioner who expressly waives the right to file a § 2255 motion challenging his sentence as part of his written plea agreement may sustain a motion if and only if he can demonstrate that the waiver was either (1) unknowing or involuntary; or (2) the result of the

ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000);

Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). "[T]he right to mount a collateral

attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly

to the negotiation of the waiver" because a "claim of ineffective assistance of counsel in

connection with the negotiation of a cooperation agreement cannot be barred by the agreement

itself-the very product of the alleged ineffectiveness." Jones, 167 F.3d at 1145. See Massaro v.

United States, 538 U.S. 500, 500 ("An ineffective-assistance-of-counsel claim may be brought in

a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim

on direct appeal.") Petitioner does not allege that his acceptance of the plea agreement and

waiver was unknowing or involuntary. Rather, Petitioner alleges that his waiver was improper

because counsel did not provide adequate assistance by improperly coercing Petitioner into

accepting the terms of the waiver.

The Sixth Amendment grants criminal defendants the right to effective assistance of counsel.

U.S. Const. amend. VI. "To succeed on a claim of ineffective assistance, a prisoner must prove

(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he

suffered prejudice as a result." Strickland v. Washington, 466 U.S. 668, 687-88, 693 (1984);

Wyatt v. United States, 574 F.3d 455, 457-458 (7th Cir. 2009).

As for Strickland's first prong, which requires deficient attorney performance, "a petitioner

must establish the specific acts or omissions of counsel that he believes constituted ineffective

assistance, to allow the court to determine whether such acts or omissions fall outside the wide

range of professionally competent assistance." Wyatt, 574 F.3d at 458, citing Coleman v. United

States, 318 F.3d 754, 758 (7th Cir.2003). Bare allegations are not sufficient to establish that

counsel's performance was deficient. <u>United States v. Rodriguez-Luna</u>, 937 F.2d. 1208, 1214 (7th Cir. 1991) ("[M]ere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance."); <u>see</u> <u>also</u> <u>Key v. United States</u>, 806 F.2d 133 (7th Cir. 1986) ("A defendant in such a situation might allege . . . what the terms of the alleged promises by counsel were; when, where, and by whom such promises were made; and the precise identity of any witnesses to the promise.") Petitioner has not provided any affidavits from himself or from counsel describing specific acts or omissions that "fall outside the wide range of professionally competent assistance". <u>See</u> <u>Galbraith v. United States</u>, 313 F.3d 1001, 1009 (7th Cir. 2002) (declining to find ineffective assistance of counsel where a petitioner presents no affidavit from himself or trial counsel supporting his version of counsel's conduct). However, Petitioner has requested a transcript of his sentencing transcript to provide the evidence necessary to sustain such a claim. Because Petitioner pled guilty to the charges against him and did not appeal his conviction or sentence, no transcripts were prepared in the original case. This Court has reviewed the Minute Entry for the Plea Hearing and finds that Petitioner was advised of his rights, charges, and possible penalties. In addition, the Minute Entry for the Sentencing Hearing indicate that no objections were noted at the time of sentencing. Therefore, Petitioner cannot support his claim of ineffective assistance of counsel because not only has he failed to provide affidavits alleging specific incidents of deficient performance, but also because there is no evidence in support of Petitioner's allegations where Petitioner has claimed the evidence could be found.

But even assuming, for the sake of argument, that Petitioner had provided affidavits indicating that counsel had advised him to agree to the Plea Agreement, merely advising a client

to plead guilty does not, in and of itself, constitute ineffective assistance of counsel. Cf. Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007) ("When counsel advises the defendant to reject a plea offer, his performance is not objectively unreasonable unless such advice is made in the face of overwhelming evidence of guilt and an absence of viable defenses.") (quotations omitted).

Regarding Strickland's second prong, which requires prejudice to the claimant, Petitioner must show both that (1) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Wyatt, 574 U.S. at 458, citing Hill v. Lockhart, 474 U.S. 52, 59 (1985), and also (2) "there is a reasonable probability that . . . the result of the proceeding would have been different." Allen v. Chandler, 555 F.3d 596, 600 (7th Cir. 2009), citing Strickland, 466 U.S. at 690, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland at 694. Petitioner has not alleged, either on the record during any phase of these proceedings, or in the instant Motion, that he would have not pled guilty, only that counsel should not have persuaded him to plead guilty. Additionally, Petitioner failed to allege that there was any reasonable probability that, had his case gone to trial, that he would have prevailed. Therefore, Petitioner has fulfilled neither of Strickland's two prongs of performance and prejudice. Because Petitioner is unable to do so, this Court must strictly enforce his waiver of his right to challenge his sentence.

As for Petitioner's claim that counsel failed to file a direct appeal, Petitioner's own waiver barred counsel from doing so. Furthermore, this allegation cannot stand because it is not related to the negotiation of the waiver. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).

For all the reasons stated above, this Court concludes that Petitioner is not entitled to relief.

IT IS THEREFORE ORDERED:

(1) Government's Motion to Dismiss (#4) is GRANTED.

(2) Petitioner's Motion pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(3) Petitioner's Motion requesting sentencing proceedings (#2) is denied as MOOT.

(4) This case is terminated.

ENTERED this 26th day of March, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE